UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADVANTAGE CAPITAL INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOAN DEPOT LENDING COMPANY, INC.; and NICK SHETH,<br><br>Defendants. | CASE NO. C13-5387 BHS<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING CLAIMS |

This matter comes before the Court on Plaintiff Advantage Capital Investments, LLC's ("Advantage") motion for default judgment (Dkt. 15). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion and dismisses Advantage's claims for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 22, 2013, Advantage filed a complaint against Defendants Loan Depot Lending Company and Nick Sheth ("Defendants"). Dkt. 1. Advantage asserts six causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

U.S.C. §§ 1961–1968, a cause of action for fraud, and a cause of action for corporate alter ego. *Id*. Advantage's claims are based on the allegation of one act of failure to pay a commission as set forth in a written agreement. *Id*., ¶ 22.

On August 13, 2013, the Clerk entered an order of default against Defendants. Dkt. 14. On August 14, 2013, Advantage filed a motion for default judgment. Dkt. 15.

## II. DISCUSSION

A district court's decision whether to enter a default judgment is a discretionary one. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). A court may deny the entry of judgment based on the merits of a plaintiff's claims. *Eitel v. McCool*, 782 F.2d 1472 (9th Cir. 1986).

In this case, Advantage has failed to submit sufficient evidence in support of its RICO claim. Under the statute, a

> "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity ….

18 U.S.C. § 1961(5). Advantage's core allegation is Defendants' failure to pay an agreed commercial loan commission. Dkt. 1, ¶ 22. Although Advantage is "informed and believes" that Defendants' conduct is widespread (*id*., ¶ 25), Advantage has failed to submit sufficient evidence to support this allegation. The only evidence of other acts is the declaration of Advantage's managing member, Shawn Smith, in which he declares that he "knows of other victims" that have experienced a fate similar to Advantage's fate. Dkt. 17, ¶ 25. The Court finds this

evidence is insufficient to support Advantage's RICO claim.  Therefore, the Court denies the motion to enter default judgment.

The Court notes that Advantage's RICO claim is the sole basis for federal question jurisdiction and the amount in controversy is less than the jurisdictional minimum for diversity jurisdiction.  This raises a concern that this Court is without jurisdiction to consider the state law claims if there is no merit to Advantage's RICO claim.  Therefore, Advantage may file another motion for default, with sufficient evidence of RICO activity.

### III. ORDER

Therefore, it is hereby **ORDERED** that Advantage's motion for entry of default judgment (Dkt. 15) is **DENIED**.  Advantage may file a second motion with sufficient, admissible evidence no later October 18, 2013.  Failure to file the motion, failure to support the claim with sufficient evidence, or failure to show good cause for either will result in **DISMISSAL** of Advantage's RICO claim and **DISMISSAL** of Advantage's state law claims for lack of jurisdiction.

Dated this 18th day of September, 2013.

BENJAMIN H. SETTLE
United States District Judge