UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADVANTAGE CAPITAL INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOAN DEPOT LENDING COMPANY, INC.; and NICK SHETH,<br><br>Defendants. | CASE NO. C13-5387 BHS<br><br>ORDER DENYING SECOND MOTION FOR DEFAULT JUDGMENT AND DISMISSING CLAIMS |

This matter comes before the Court on Plaintiff Advantage Capital Investments, LLC's ("Advantage") motion for default judgment (Dkt. 15). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion and dismisses Advantage's claims for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 22, 2013, Advantage filed a complaint against Defendants Loan Depot Lending Company and Nick Sheth ("Defendants"). Dkt. 1. Advantage asserts six causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

ORDER - 1

U.S.C. §§ 1961–1968, a cause of action for fraud, and a cause of action for corporate alter ego. *Id*. Advantage's claims are based on the allegation of one act of failure to pay a commission as set forth in a written agreement. *Id*., ¶ 22.

On August 13, 2013, the Clerk entered an order of default against Defendants. Dkt. 14. On August 14, 2013, Advantage filed a motion for default judgment. Dkt. 15. On September 18, 2013, the Court denied Advantage's motion for lack of evidence in support of its claims and gave Advantage one month to file a second motion supported by sufficient evidence. Dkt. 19. The Court stated that failure to file sufficient evidence will result in dismissal of Advantage's claims. *Id*. at 3.

On November 18, 2013, Advantage filed a second motion for default judgment. Dkt. 20. In support of that motion, Advantage's counsel submitted a declaration stating that he would submit a declaration by Amit Patel within two weeks. Dkt. 21, ¶ 12. Advantage also requested that the Court take judicial notice of a complaint in another matter against Defendants. Dkt. 22.

## II. DISCUSSION

A district court's decision whether to enter a default judgment is a discretionary one. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). A court may deny the entry of judgment based on the merits of a plaintiff's claims. *Eitel v. McCool*, 782 F.2d 1472 (9th Cir. 1986).

In this case, Advantage has failed to submit sufficient evidence in support of its RICO claim. Under the statute, a

> "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity ….

18 U.S.C. § 1961(5). Advantage's core allegation is Defendants' failure to pay an agreed commercial loan commission. Dkt. 1, ¶ 22. Although Advantage is "informed and believes" that Defendants' conduct is widespread (*id*., ¶ 25), Advantage has twice failed to submit sufficient evidence to support this allegation. As of the date of this order, the declaration of Mr. Patel was not submitted. Moreover, a complaint is not *evidence* of racketeering activity.

### III. ORDER

Therefore, it is hereby **ORDERED** that Advantage's second motion for entry of default judgment (Dkt. 20) is **DENIED**, Advantage's RICO claim is **DISMISSED** for lack of evidence, and Advantage's state law claims are **DISMISSED** for lack of jurisdiction.

Dated this 13th day of January, 2014.

BENJAMIN H. SETTLE
United States District Judge